# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| MARCUS T. SIMMONS, ) | |
| ) | Case Nos. 1:01-cr-7, 1:16-cv-241 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (Doc. 64), filed by Marcus T. Simmons ("Petitioner") seeking to challenge his classification as a career offender under the United States Sentencing Guidelines ("USSG") in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government has filed a motion to deny and dismiss with prejudice Petitioner's § 2255 motion. (Doc. 75).

For the following reasons the government's motion to deny and dismiss with prejudice Petitioner's motion (Doc. 75) will be **GRANTED**, Petitioner's § 2255 motion (Doc. 64) will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**. Petitioner's pro se motion for status update, (Doc. 74), and motion to defer ruling pending the Supreme Court's resolution of a certiorari petition in *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017) *cert denied* 138 S. Ct. 2661 (2018), (Doc. 87), will be **DENIED AS MOOT**.

## I. PROCEDURAL BACKGROUND

On February 23, 2001, Petitioner pled guilty at both counts of a two-count indictment charging him with armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and using

and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 22). A presentence investigation report ("PSIR") identified two prior convictions for a "crime of violence" that qualified Petitioner as a career offender under §§ 4B1.1(a) and 4B1.2(a) of the United States Sentencing Guidelines ("USSG"). (PSIR ¶¶27, 36, 37). On June 8, 2001, Petitioner was sentenced to a term of imprisonment of 212 months on Count One and 84 months on Count Two, to be served consecutively, for a total term of imprisonment of 296 months, to be followed by a term of supervised release of 4 years on each count to be served concurrently. (Doc. 29).

Petitioner filed an untimely notice of appeal which was dismissed *sua sponte* by the Sixth Circuit Court of Appeals for lack of appellate jurisdiction. (Doc. 39). Petitioner subsequently filed a § 2255 motion on May 10, 2002, (Doc. 44), which was denied on July 30, 2004. (Doc. 29 at No. 1:02-cv-151). On August 14, 2015, Petitioner filed a second § 2255 motion pro se, (Doc. 51), seeking to raise a *Johnson* claim. This motion was transferred to the Sixth Circuit. (Doc. 59). By order dated June 20, 2016, the Sixth Circuit authorized the Court to consider Petitioner's second or successive §2255 motion, (Doc. 63), and his motion was refiled as the pending §2255 motion. (Doc. 64). Petitioner's motion seeks to challenge his career-offender classification pursuant to *Johnson*, in which the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague in violation of the Due Process Clause. 135 S. Ct. at 2563. Petitioner argues that the identically-worded residual clause of § 4B1.2(a) of the USSG likewise is void for vagueness in light of *Johnson*.

While Petitioner's motion was pending, the Supreme Court decided *Beckles*, which held that the USSG, which now are advisory, *see United States v. Booker*, 543 U.S. 220, 245 (2005),

2

"are not subject to a vagueness challenge under the Due Process clause" and that, as a result, the residual clause of the *advisory* USSG "is not void for vagueness." *Beckles*, 137 S. Ct. at 892. Left open by *Beckles*, however, was the issue of whether defendants sentenced to terms of imprisonment pre-*Booker*, when the USSG were binding on the federal courts, may mount vagueness challenges to their sentences. *Id.* at 903 n. 4 (J. Sotomayor, concurring).

In light of *Beckles*, the government filed a motion to deny and dismiss Petitioner's § 2255 motion (Doc. 75). Petitioner responded with a supplemental brief arguing that *Beckles* exempts only sentences under the advisory USSG from vagueness challenges, not sentences, such as his, imposed under the pre-*Booker* mandatory USSG (Doc. 78). As a result, Petitioner maintains that the residual clause of the *mandatory* USSG is void for vagueness under *Johnson*. (*Id.*) The government responded by arguing that *Johnson* invalidated only the residual clause of the ACCA and that the Supreme Court has never made that reasoning applicable to the pre-*Booker* guidelines nor made that holding retroactive to mandatory guidelines cases on collateral review. (Doc. 81).

Following a reply from Petitioner reiterating his position that *Johnson* applies to the mandatory USSG and should be applied retroactively, (Doc. 85), the government filed a supplemental response, (Doc. 86), asserting that Petitioner's § 2255 motion should be dismissed as untimely in light of *Raybon*, *supra*, in which the Sixth Circuit held that *Johnson* did not provide a new triggering date under § 2255(f) from which to measure the one-year limitations period for filing a § 2255 motion challenging pre-*Booker* mandatory USSG sentences.

## II. ANALYSIS

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction

becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner did not file a timely notice of appeal in this case so his conviction became final when the time for filing an appeal expired ten days, excluding holidays and weekends, after the judgment was entered on June 19, 2001. (Doc. 29). *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (when no appeal is taken to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed, even when no notice of appeal was filed); Fed. R. App. P. 4(b)(1) (2001); Fed. R. App. P. 26(a)(2) (2001). Petitioner's § 2255 motion was not filed in the Sixth Circuit Court of Appeals until March 21, 2016, nearly fifteen years later. Thus, his motion is untimely unless he satisfies one of the exceptions set forth in § 2255(f).

Petitioner contends that his motion is timely under § 2255(f)(3) because it is based on *Johnson*, which triggered a renewed one-year limitation period by recognizing a new right that applies retroactively.[1] It is settled that challenges to ACCA sentences based on *Johnson* satisfy

---

[1] The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Accordingly, *Johnson* triggered a renewed one-year period of limitation for challenges to ACCA sentences beginning on the date of that decision, June 26, 2015, and running until June 26, 2016.

4

the third sub-category of § 2255(f), *i.e.*, the assertion of a newly recognized right made retroactively applicable to cases on collateral review. *Welch*, 136 S. Ct. at 1268 (*Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review); *In Re Watkins*, 810 F.3d at 381–85. However, *Johnson* dealt only with the residual clause of the ACCA, not with the residual clause of the USSG. *Walker v. United States*, No. 17-5500, 2018 WL 739381, at * 1 (6th Cir. Feb. 7, 2018). Thus, Petitioner's motion is untimely unless *Johnson* recognized a new right that also applies to defendants sentenced under the pre-*Booker* mandatory USSG.

This issue was decided in *Raybon*, which held that whether *Johnson* applies to the mandatory guidelines is an "open question" and therefore is not a "'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" 867 F.3d at 630 (*quoting* § 2255(f)(3)).[2] As a result, because Petitioner's motion fails to satisfy the requirements of § 2255(f)(3), and his motion does not satisfy any of the other subsections of § 2255(f), it is untimely and must be denied.[3] *See Walker*, 2018 WL 739381, at * 1; *Chubb v. United States*, 707 Fed. App'x. 388, 390 (6th Cir. 2018).

### III.  CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner's § 2255 motion is untimely. Accordingly, the government's motion to deny and dismiss with prejudice Petitioner's

---

[2] On June 18, 2018, the Supreme Court denied a petition for writ of certiorari in *Raybon*. 138 S. Ct. 2661 (2018). The Supreme Court to date has not recognized that individuals have a constitutional right not to be sentenced as career offenders under the residual clause of the pre-*Booker* mandatory USSG.

[3] The Supreme Court has held that the one-year limitation period set forth in § 2255(f) is not jurisdictional, *Day v. McDonough*, 547 U.S. 198, 205 (2006), and thus may be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Court finds no basis for equitable tolling here.

motion (Doc. 75) will be **GRANTED**, Petitioner's § 2255 motion (Doc. 64) will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**.  Petitioner's pro se motion for a status update, (Doc. 74), and motion to defer ruling pending resolution of the certiorari petition in *Raybon*, (Doc. 87), will be **DENIED AS MOOT**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**